[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 31, 2001
THOMAS K. KAHN
CLERK

No. 00-10097

D.C. Docket No. 99-10110-CV-NCR

KRIS EDWARD HELTON,

Plaintiff-Appellee,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(July 31, 2001)**

ON PETITION FOR REHEARING AND
SUGGESTION OF REHEARING EN BANC

Before TJOFLAT, HILL and POLITZ*, Circuit Judges.

_____
*Honorable Henry A. Politz, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

PER CURIAM:

Our previous opinion in this case, published at 233 F.3d 1322 (11th Cir. 2000), is vacated. In its place, on petition for rehearing, we substitute this revised opinion. No member of the Court having requested a poll, we deny the suggestion for rehearing en banc. See Fed. R. App. P. 35; 11th Cir. R. 35-5.

## I.

On March 17, 1992, Kris Edward Helton was convicted of second-degree murder by a six-member Monroe County, Florida jury and was sentenced to life imprisonment. On direct appeal, the District Court of Appeal of Florida, Third District, unanimously reversed, finding that the evidence was insufficient to support a conviction. The District Court of Appeal then granted rehearing, withdrew its reversal, and affirmed the conviction. Helton v. Florida, 641 So. 2d 146 (Fla. Dist. Ct. App. 1994). The Florida Supreme Court declined Helton's petition for certiorari, Helton v. Florida, 651 So. 2d 1194 (Fla. 1995), as did the United States Supreme Court, Helton v. Florida, 516 U.S. 834, 116 S. Ct. 111, 133 L. Ed. 2d 63 (1995).

Helton's subsequent requests for collateral relief in the state courts were denied, leading Helton to file the instant petition for federal habeas corpus relief

pursuant to 28 U.S.C. § 2254. In his petition, Helton alleges ineffective assistance of counsel based on his trial attorney's failure to investigate and employ a time of death argument at trial. The State's reply avers that Helton's petition was untimely filed, and is therefore procedurally barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. §§ 2244(d)(1)(A) and (d)(2). Helton concedes that his petition was untimely under the AEDPA but argues that the statute of limitations should be equitably tolled.

The district court held initially that equitable tolling of the AEDPA's statute of limitations was warranted in this case based on: (1) Helton's diligent pursuit of his legal rights on appeal; (2) misinformation provided by Helton's counsel regarding the expiration of the applicable statute of limitations; and (3) the "strange history of this case." Helton v. Singletary, 85 F. Supp. 2d 1323, 1327-28 (S.D. Fla. 2000). Following an evidentiary hearing, the district court granted the writ upon finding that trial counsel was ineffective for failing to challenge the prosecution's theory as to the victim's time of death. For the reasons stated below, we reverse.

II.

We review the district court's application of equitable tolling de novo, as the question is "solely one of law." Sandvik v. United States, 177 F.3d 1269, 1271

3

(11th Cir. 1999).

The AEDPA grants a criminal defendant one year from the conclusion of his direct appeal, minus time spent litigating collateral post-conviction claims, to bring a habeas corpus petition. See 28 U.S.C. §§ 2244(d)(1)(A) and (d)(2). Helton's direct appeal concluded with the United States Supreme Court's denial of certiorari on October 2, 1995. Since that date was prior to the AEDPA's enactment, the one year statutory period did not begin to run until the AEDPA became effective on April 24, 1996. See Wilcox v. Fla. Dep't of Corrs., 158 F.3d 1209, 1211 (11th Cir. 1998). Helton filed his section 2254 petition on December 9, 1998. Factoring out the time Helton spent pursuing post conviction relief in the state courts, 412 days elapsed between April 24, 1996 and December 9, 1998.

Helton concedes that his petition was untimely filed, but argues that the one year statute of limitations should be equitably tolled. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when "extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition. Sandvik, 177 F.3d at 1271. The question presented, then, is whether the circumstances advanced by Helton were so "extraordinary" as to excuse his untimely filing.

A.

4

Helton first argues that equitable tolling is warranted because his collateral counsel misadvised him as to when the one year limitations period began to run. On December 18, 1997, Helton received a letter from counsel stating:

> You have also indicated to me that you do not desire to proceed to the United States Supreme Court. Rather, you will turn your efforts to preparing a habeas corpus to be filed in the United States District Court. I agree that this is your last best hope in this matter. As I indicated to you, there are certain deadlines for filing a federal habeas corpus petition. I believe that you should file within one year of the opinion from the Court of Appeals. Thus, you must file your petition on or before December 9, 1998. The existence of a filing deadline is a matter is [sic] dispute amongst lawyers. There clearly would be a one year deadline under § 2255 which applies to federal sentences. There is a body of thought that the same deadline applies to state prisoners. I recommend that you assume there is a similar one-year limitation. Additionally, you need to be aware of the other provisions of the habeas corpus act. As we discussed, I would be willing to represent you in the federal habeas corpus proceeding. . . ."

Helton avers that because he filed his section 2254 petition before what he <u>believed</u> was the deadline (based upon his attorney's erroneous advice), his good faith effort justifies equitable tolling.

We held in <u>Steed v. Head</u>, 219 F.3d 1298 (11th Cir. 2000), that "[a]n attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling. . . . Any miscalculation or misinterpretation by Steed's attorney in interpreting the plain language of the statute does not constitute an extraordinary

circumstance sufficient to warrant equitable tolling." Id. at 1300.[1]  See

also Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that

counsel's confusion about AEDPA's statute of limitations does not justify

equitable tolling); Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000)

(same); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (holding defense

counsel's alleged mistake in calculating the limitations period for filing § 2254

petition did not equitably toll AEDPA's one-year statute of limitations).

Moreover, Helton cannot establish his own due diligence in ascertaining the

applicable limitations period.  While communicating an incorrect belief that

Helton's section 2254 petition was due on or before December 9, 1998, counsel

also put Helton on notice of the need to check the federal habeas provisions

himself.  Having failed to do so, Helton cannot now claim "extraordinary

circumstances" to justify equitable tolling of AEDPA's statute of limitations.

B.

Helton next argues that he did, in fact, attempt to exercise due diligence in

ascertaining the applicable statute of limitations governing his section 2254

petition, but was prevented from obtaining accurate information due to deficiencies

---

[1] The Steed court rejected the petitioner's argument that the statute of limitations should be equitably tolled because the calculation of the limitations period turned on the interpretation of a novel legal issue requiring Steed's counsel to interpret 28 U.S.C. § 2244(d)(2) in the absence of clear law.  Id.

in the prison library where he was being held. After the State asserted that Helton's section 2254 petition should be denied as untimely, Helton filed a reply and a sworn declaration detailing the reasons for his late filing. He averred that he was incarcerated at DeSoto Correctional Institution in Arcadia, Florida at the time he received inaccurate advice from counsel in December 1997, and that he remained incarcerated there through July 1998. Regarding the inadequacy of the prison library, Helton alleged only:

> During all times, the inmate law library at the DeSoto Correctional Institution did not have the Amendments to the Federal Habeas Corpus Statutes which created a one-year statute of limitations for Federal habeas corpus by State prisoners. Therefore, I did not have the means to learn that there might be a question about when the one-year clock started to run. Since I had a two-year statute of limitations to file my State motion to vacate under Florida Rule of Criminal Procedure 3.850 and since I had to exhaust my State habeas remedies before I filed a Federal Habeas Petition, it seemed reasonable to me that the clock for Federal Habeas would not be running during the time allotted to prepare my State habeas which was a prerequisite to my Federal remedy.

Helton did not testify during the district court evidentiary hearing, and thus his declaration is the only evidence of the deficiencies in the inmate law library at DeSoto Correctional Institution.

Helton's assertion that he "did not have the means to learn that there might be a question about when the one year clock started to run" is belied by his admission that counsel put him on notice about confusion in that area of the law.

7

Furthermore, Helton's declaration lacks the necessary specificity to show when he found out about the library's alleged deficiency and what – if anything – he did to remedy the defect. For example, Helton never asserts that he asked for the amendments to the federal habeas corpus statutes, or that he was even aware the library did not have these materials at the time he filed his section 2254 petition. Helton fails to state any independent efforts he made to determine when the relevant limitations period began to run, let alone that the DeSoto Correctional Institution somehow thwarted his efforts. Thus, the record evidence is insufficient to support a connection between Helton's untimely filing and any alleged inadequacies in the prison library. Cf. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) ("Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims. . . . It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

C.

Finally, we address the district court's reliance upon "the strange history of this case" to justify the application of the equitable tolling doctrine to Helton's untimely section 2254 petition. The district court erroneously held that the merits of the case, "from the dubious weight of evidence, to the circumstantial conviction,

8

to the flip-flopping appellate record – contribute[d] to the overall extraordinariness of the circumstances." Helton v. Singletary, 85 F. Supp. 2d 1323, 1328 (S.D. Fla. 1999). The "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction. See Steed, 219 F.3d at 1300; Sandvik, 177 F.3d at 1270-72. The circumstantial nature of the case against Helton does not relate to the circumstances, if any, justifying his failure to timely file his section 2254 petition. The district court erred, therefore, in focusing upon the merits of the case to justify equitable tolling.[2]

## D.

In sum, the district court erred in applying the doctrine of equitable tolling to excuse the untimely filing of Helton's section 2254 petition. Because Helton's petition is procedurally barred by the AEDPA's one year statute of limitations, we need not consider whether his trial counsel was ineffective.

---

[2] Consistent with this focus on the merits of Helton's underlying criminal case, Helton argued extensively in his brief on appeal that his "actual innocence" of the crime justifies consideration of the untimely petition. This circuit has yet to decide whether there is an "actual innocence" exception to AEDPA's one year statute of limitations. See Wyzykowski v. Dep't of Corrs., 226 F.3d 1213, 1219 (11th Cir. 2000). We need not decide the issue here, however, because the "circumstantial" nature of the case against Helton is not sufficient to support a claim of actual innocence.

## III.

For the foregoing reasons, the judgment of the district court is REVERSED.

SO ORDERED.