[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2006
THOMAS K. KAHN
CLERK

-------------------------------------------

No. 05-11206
Non-Argument Calendar

-------------------------------------------

D.C. Docket  No. 03-00561-CV-IPJ-JEO

MICHAEL LEE LANG,

Petitioner-Appellant,

versus

STATE OF ALABAMA,
STEPHEN BULLARD,
Warden,
ATTORNEY GENERAL OF ALABAMA,

Respondents-Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Alabama
----------------------------------------------------------------

**(May 5, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Alabama prisoner Michael Lee Lang appeals pro se the district court's denial of his federal habeas corpus petition, brought under 28 U.S.C. § 2254. This appeal is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). A judge of this Court granted a certificate of appealability (COA) on whether the district court erred by dismissing Best's § 2254 petition as time-barred. No reversible error has been shown; we affirm.

No one disputes that Lang's conviction became final on 11 April 2000, when the Alabama Court of Criminal Appeals entered a certificate of judgment, and that he had until 12 April 2001 to file his § 2254 petition. Lang did not file his first state post-conviction Ala.R.Crim.P. 32 petition until 22 March 2002, which was timely under the state's two-year limitation period, but was after the AEDPA's limitation period had expired. Thus, the time during which his Rule 32 petition was pending did not toll the AEDPA limitation period. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001). The state appellate court affirmed the denial of his Rule 32 petition and entered a certificate of judgment on 24 January 2003. Lang filed his § 2254 petition on 8 March 2003.

2

This case is about whether Lang is entitled to equitable tolling of the AEDPA's one-year limitation period, 28 U.S.C. § 2244(d)(1), due to his medical conditions. Before and during 2000, Lang suffered from painful hemorrhoids that required medication. From June to December 2000, Lang received orders not to sit or to stand for prolonged periods. On 23 February 2001, Lang was diagnosed with cancer of the anus. In early March 2001, Lang was prescribed a ten-week course of intravenous chemotherapy and began to suffer from nausea, dizziness, and fatigue. Also, beginning in December 2000, Lang intermittently began experiencing significant chest pain. On 24 July 2001, Lang underwent triple coronary bypass surgery and was hospitalized for six days. In January 2002, medical records showed that Lang was healthy enough to walk and jog.

Lang argues that his medical problems were beyond his control and unavoidable such that they constitute extraordinary circumstances justifying the equitable tolling of the AEDPA's limitation period. He contends that rectal pain and the do-not-sit orders prevented him from attending the law library, which requires inmates to sit. He also maintains that his chest pain and the effects of the chemotherapy prevented him from preparing his § 2254 petition. Lang asserts that the timely filing of his Alabama Rule 32 petition, shortly after he was healthy

3

enough to walk and to jog, shows that he was diligent in pursuing his § 2254 petition.

We review de novo a district court's dismissal of a petition for writ of habeas corpus and its legal decision on equitable tolling. Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002). But we review for clear error the district court's determinations of relevant facts. Id. In rare cases, the AEDPA's limitations period can be tolled equitably "when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001). We have stressed that "the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 701 (11th Cir. 2004).

We do not doubt that Lang suffered from significant health problems during the AEDPA limitation period. Lang, though, has not shown (1) that his medical conditions were sufficiently debilitating to constitute "extraordinary circumstances" justifying equitable tolling and (2) that he exercised enough diligence in pursuing his § 2254 petition during the limitation period. Lang suffered from rectal pain before the limitation period began to run and from chest pain beginning in December 2000. But no evidence shows that Lang experienced

4

incapacity until mid-June 2000, when he received the first order not to sit for longer than 30 minutes at a time. And Lang offers no explanation why he could not sometimes sit in the law library for less than 30 minutes to prepare his § 2254 petition. Lang, also, has not shown that, before his July 2001 hospitalization, his chest pain was such that it prevented him from taking some action to pursue the timely filing of his § 2254 petition. Further, even were we to toll the limitation period during the ten weeks of Lang's chemotherapy and during his six-day hospitalization for heart surgery, Lang's § 2254 petition still would have been untimely.

The district court committed no error in determining that Lang was not entitled to the equitable tolling of the AEDPA limitation period. Thus, the district court correctly dismissed Lang's § 2254 petition as time-barred.

**AFFIRMED.**