[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 19, 2006
THOMAS K. KAHN
CLERK

No. 05-17150
Non-Argument Calendar
_____

D. C. Docket No. 04-00491-CV-BH-M

MICHAEL LEON POWE,

Petitioner-Appellant,

versus

GRANT CULLIVER,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(September 19, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Michael Powe, an Alabama state prisoner proceeding *pro se*, appeals the dismissal of his habeas corpus petition, 28 U.S.C. § 2254, as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). The issue before this Court is whether the district court erred in dismissing Powe's § 2254 petition by concluding that equitable tolling did not apply under the specific facts of this case. Because the district court's factual finding that Powe did not exercise due diligence is not clearly erroneous, we affirm the district court's dismissal of Powe's § 2254 petition.

BACKGROUND

Powe was convicted in Alabama state court for first-degree rape and sentenced to life imprisonment without possibility of parole. The Alabama Court of Criminal Appeals affirmed the sentence on April 20, 2001, and issued a certificate of judgment on May 8, 2001.

Between June 21, 2001, and March 18, 2002, Powe attempted to obtain his trial transcript and records from his appellate attorney and subsequently-appointed post-conviction attorney in order to prepare a petition under Ala. R. Crim P. 32. Powe sent two letters to his appellate attorney, Glenn L. Davidson, and one letter to his appointed counsel for the Rule 32 proceedings, Lila Cleveland. Powe also

asserted that sometime between August 21, 2001, and January 20, 2002, he sent a letter to the trial court judge requesting that the judge direct Powe's appellate attorney to forward his record so that he could pursue post-conviction remedies.[1] Powe asserted that he did not receive his trial transcript until March 28, 2003, after Powe's family members contacted his appointed counsel for the Rule 32 proceedings.

On May 1, 2003, Powe filed a Rule 32 petition in Alabama state court. The Alabama Court of Criminal Appeals ultimately affirmed the trial court's decision to deny Powe's petition. The Supreme Court of Alabama denied Powe's petition for a writ of certiorari, and the Alabama Court of Criminal Appeals issued a certificate of final judgment on June 14, 2004.

On July 20, 2004, Powe executed the *pro se* § 2254 habeas petition currently at issue. The magistrate judge issued a report recommending that Powe's petition be dismissed as time-barred. Powe filed a timely objection to the report, acknowledging that without equitable tolling, the magistrate was correct that his § 2254 petition was time-barred, however he argued that the district court should apply equitable tolling in his case. Specifically, Powe requested that the district court equitably toll the period between June 21, 2001, and March 28, 2003,

---

[1] Powe did not produce a copy of this letter. Consequently, this is an unsupported assertion included in Powe's objection to the magistrate's report and recommendation.

because during that time his appellate attorneys failed to provide him with his trial transcript, despite his repeated requests. He argued that this precluded him from filing a Rule 32 petition with the state in time to toll the AEDPA limitations period.

The district court ultimately dismissed Powe's § 2254 petition as time-barred. Powe appealed the district court's order and petitioned the district court for a certificate of appealability ("COA"). In his petition for a COA, Powe reiterated his argument that equitable tolling should apply for the time during which he diligently sought his trial transcripts but could not obtain them from his attorneys. The district court denied Powe's petition for a COA, concluding that Powe had not satisfied the "substantial showing" requirement.

Powe then petitioned this Court for a COA. We granted a COA on the issue of whether the district court properly determined that appellant was not entitled to equitable tolling of 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations applicable to 28 U.S.C. § 2254 petitions.

STANDARD OF REVIEW

We review the district court's decision to deny equitable tolling *de novo*. *Lawrence v. Florida*, 421 F.3d 1221, 1224 (11th Cir. 2005), *cert. granted*, 126 S. Ct. 1625, 164 L. Ed. 2d 332 (2006). The district court's factual determinations,

however, we review for clear error. *Id.* The clear error "standard requires us to affirm a district court's findings of fact unless the record lacks substantial evidence to support that determination." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1283 (11th Cir. 2002) (internal quotation marks omitted). "[A] determination regarding a party's diligence is a finding of fact that will not be disturbed unless clearly erroneous." *Id.* (internal quotation marks omitted).

DISCUSSION

The AEDPA imposes a one-year statute of limitations for filing a § 2254 habeas petition. 28 U.S.C. § 2244(d)(1). The period begins to run following one of four events, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* The judgment becomes "final" on the date on which the U.S. Supreme Court issues a decision on the merits of the petitioner's direct appeal, denies certiorari, or after the expiration of the 90 days in which the petitioner could have filed such a petition. *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (*quoting Kaufman v. United States*, 232 F.3d 1336, 1339 (11th Cir. 2002)). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

5

Additionally, the statute of limitations may be equitably tolled where a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Lawrence*, 421 F.3d at 1226 (quotation omitted). Equitable tolling is applied sparingly and is an extraordinary remedy that is "limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing." *Id.* When evaluating whether a prisoner is entitled to equitable tolling, "[e]ach case turns on its own facts." *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). The petitioner bears the burden of showing that the circumstances warrant equitable tolling. *Drew*, 297 F.3d at 1286.

We have repeatedly held that mere attorney negligence is not a basis for equitable tolling. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Sandvick v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999). Moreover, even if a prisoner shows that "extraordinary circumstances" occurred, the prisoner must still establish that he acted with due diligence in order to be entitled to equitable tolling. *See Helton*, 259 F.3d at 1313.

As an initial matter, the equitable tolling requested by Powe would render his § 2254 petition timely. Without equitable tolling, the AEDPA limitations

period would have been triggered on August 6, 2001,[2] and would have run until Powe filed his Rule 32 petition on May 1, 2003. Thus, the one-year AEDPA limitations period would have expired before Powe filed his state court collateral petition, and his state court petition would not have statutorily tolled the federal limitations period under 28 U.S.C. § 2244(d)(2). *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

If the district court had tolled the period while Powe was awaiting his trial transcript,[3] the AEDPA clock would have started on March 28, 2003, the date he received the transcript, and run for 34 days until May 1, 2003, the date he filed his Rule 32 collateral state petition. The time during which his Rule 32 petition was pending in state court would have tolled the federal limitations period in accordance with 28 U.S.C. § 2244(d)(2). Thus, the clock would have started again on June 14, 2004, the date on which the Alabama Supreme Court issued a final judgment on Powe's Rule 32 petition, and run for 36 days until July 20, 2004, the

[2] This date is 90 days from May 8, 2001, the date on which the Alabama Court of Criminal Appeals entered Powe's certificate of judgment. We give Powe the benefit of the 90-day period in which he could have filed his petition for certiorari to the U.S. Supreme Court, *see* Sup. Ct. R. 13.1 (allowing 90 days to seek certiorari after the "court of last resort" denies discretionary review), even though it does not appear he first sought review from Alabama's highest court. Without equitable tolling, however, Powe's § 2254 petition remains time-barred regardless of the application of the 90-day period.

[3] Powe requests equitable tolling from June 21, 2001, through March 28, 2003. If the appropriate triggering date was August 6, 2001, *see supra* note 2, then he is not entitled to have the period from June 21, 2001, through August 6, 2001, tolled because that period of time was not counted against him. Thus, the period of time at issue is from the triggering date of August 6, 2001, until March 28, 2003, the date on which Powe received his trial transcripts.

7

date on which Powe initiated his § 2254 petition with the district court. Thus, with the requested period of equitable tolling, Powe's petition would have been timely filed by approximately 295 days.

Powe argues that the district court erred in denying equitable tolling because he had no control over his attorneys' failure to provide him with the trial transcripts which he needed to file his Rule 32 petition in the Alabama state court and because he acted diligently in attempting to obtain his trial transcripts. Although the circumstances of this case present some reasonable debate as to Powe's diligence in attempting to file his Rule 32 petition, the district court made a factual finding that equitable tolling did not apply because Powe failed to exercise due diligence. The standard of review for this factual finding by the district court (clear error) is dispositive of the instant application of equitable tolling. *See Drew*, 297 F.3d at 1289-90.

It is noteworthy that Powe apparently contacted both of his appellate attorneys numerous times and solicited the help of the trial court judge in an attempt to obtain his trial transcripts. He knew of the impending deadline and was actively attempting to ensure that his attorneys either filed his Rule 32 petition or sent him his trial transcript so he could file it himself. As discussed previously, this Court has stated on numerous occasions that mere attorney negligence is not

8

sufficient to warrant equitable tolling. *Helton*, 259 F.3d at 1313; *Steed*, 219 F.3d at 1300; *Sandvick*, 177 F.3d at 1271-72. Those cases, however, are distinguishable from the present case on factual grounds. The circumstances in the three cases referenced were not "extraordinary" because they involved simple human errors—in other words, mistakes or oversights, such as misunderstanding a statute or relying on the efficiency of the postal service, which occur on a regular basis. *See Helton*, 259 F.3d at 1313; *Steed*, 219 F.3d at 1300; *Sandvick*, 177 F.3d at 1272. In the instant case, however, the circumstances are arguably "extraordinary" because Powe's attorneys' failures went beyond simple mistakes into the realm of attorney misconduct.

It appears that Powe's attorneys violated at least two fundamental tenets of professional responsibility. First, "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." Ala. Rules of Prof'l Conduct R. 1.4 (1990). Powe sent two letters requesting his trial transcript to his first appellate attorney and did not receive a response until over eight months after he sent the first letter, when the attorney wrote Powe to inform him that his new attorney had the trial transcript. Powe then wrote his second attorney, but never received a response from her.

A second tenet of professional responsibility states that "[a] lawyer shall abide by a client's decisions concerning the objectives of representation . . . ." Ala. Rules of Prof'l Conduct R. 1.2. Powe made it clear to both attorneys that he wished to pursue a Rule 32 petition in a timely manner. Even if the attorneys believed such a petition was not warranted, Powe alleges that their failure to provide him with his transcripts prevented him from filing the petition himself. Thus, the behavior of Powe's attorneys may have been so far outside the range of acceptable professional conduct to be considered "extraordinary."

Nonetheless, even if Powe's attorneys acted with such malfeasance as to amount to "extraordinary circumstances," Powe must still show he acted with due diligence in order to be entitled to equitable tolling. *See Helton*, 259 F.3d at 1313. The district court found that Powe did not act with due diligence for the following reasons: (1) Powe's attempt to obtain his transcript consisted of writing only four letters—three to his attorneys and one to the trial judge; (2) Powe did not seek further help from the trial court, despite his knowledge of the impending deadline; and (3) Powe could have filed his Rule 32 petition without his transcript, explaining to the court that he was unable to obtain the transcript from his attorneys. Powe has not shown that "the record lacks substantial evidence" to

10

support these findings under clear error review. *Drew*, 297 F.3d at 1283 (internal quotation marks omitted).

The first finding simply summarizes the facts as alleged by Powe. Similarly, the second district court finding is consistent with Powe's version of the facts. Powe does not claim to have made additional attempts to contact the trial court, either on his own or through his family members. Though Powe alleges that he had family members who were trying to contact both attorneys, he does not contend that these family members attempted to contact the trial court. Further, in the letter Powe provided from his first attorney dated March 1, 2002, the attorney suggested that Powe contact the clerk of the trial court to request his records and provided Powe with her address, yet Powe provides no evidence that he acted on this suggestion. Thus, there is substantial evidence to support the district court's finding that Powe did not seek further help from the trial court.

Finally, Powe has not shown that the record lacks substantial evidence to support the district court's third determination—that Powe could have filed a Rule 32 petition without his trial transcripts. Powe's argument on this point consists of the conclusory statement that "there was no way" he could file the Rule 32 petition without his trial transcript. The form used to file a Rule 32 petition in Alabama state court contains instructions requiring the petitioner to "be as specific as

11

possible as to the facts" that support each ground for relief. Ala. R. Crim. P. 32 app. The detailed instructions, however, say nothing about attaching trial transcripts. Powe fails to articulate specific reasons for which the transcript was necessary in his case, nor does he point out information in the transcript that was outside the knowledge he already had of the trial proceedings. Powe's unsupported, general allegation is not sufficient to satisfy his burden to show that the district court's determination lacked substantial supporting evidence in the record. Thus, as there was substantial evidence in the record to support the district court's finding that he did not act with due diligence, Powe has not overcome the "'very high standard'" of demonstrating clear error. *See Drew*, 297 F.3d at 1289-90 (*quoting In re Hillsborough Holdings Corp.*, 127 F.3d 1398, 1401 (11th Cir. 1997)).

## CONCLUSION

Although the circumstances of this case present a reasonable debate as to whether Powe's attorneys' actions constituted "extraordinary circumstances" and as to Powe's diligence in attempting to file his Rule 32 petition, we will not disturb the district court's factual finding that Powe failed to exercise due diligence unless it is clearly erroneous. *See Lawrence*, 421 F.3d at 1224-25. Powe has not shown that the record lacks "substantial evidence" to support the district

12

court's finding that he failed to exercise due diligence. Accordingly, we AFFIRM

the district court's dismissal of Powe's § 2254 petition.

**AFFIRMED.**