[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16504
Non-Argument Calendar

_____

D. C. Docket No. 04-00104-CV-FTM-29-SPC

IVAN MELENDEZ,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 6, 2007)**

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Ivan Melendez, an unrepresented Florida prisoner, appeals the district court's judgment dismissing his habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, as barred by the one-year statute of limitations applicable to such petitions under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). See 28 U.S.C. § 2244(d)(1). We granted Melendez a certificate of appealability to consider whether equitable tolling rendered the filing of his petition timely. It does not and we affirm.

Melendez argues that he is entitled to have his limitations period equitably tolled because the lawyer who represented him in his state postconviction proceedings mistakenly filed a second petition for state postconviction relief (a petition that was held untimely under state law) rather than complying with Melendez's request to file a § 2254 petition within the period of limitations. Melendez alleges that he diligently pursued this matter with his lawyer, but that his lawyer ignored his requests and did not return his legal papers to him until after AEDPA's one-year limitations period had expired.

## I.

"This Court reviews de novo a district court's dismissal of a [§ 2254 petition] as time-barred, as well as a district court's finding that equitable tolling does not apply." Outler v. United States, 485 F.3d 1273, 1278 (11th Cir. 2007).

2

## II.

AEDPA imposes a one-year statute of limitations for filing a § 2254 habeas petition and identifies four discrete events that trigger the running of the one-year period. See 28 U.S.C. § 2244(d)(1)(A)-(D). The district court found that Melendez's § 2254 petition was untimely under § 2244(d)(1)(A), the only potentially relevant triggering event. Melendez does not challenge that ruling on appeal. Thus, Melendez's § 2254 petition can be considered timely only if equitable tolling applies.

Equitable tolling operates to save an otherwise untimely filed § 2254 petition if the petition was untimely filed "because of extraordinary circumstances that are both beyond [the petitioner's] control and unavoidable even with due diligence." Rainey, 443 F.3d at 1330 (quotation omitted). Equitable tolling, however, is an extreme remedy and is applied sparingly. See Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). Melendez bears the burden of showing that equitable tolling is warranted and must demonstrate both (1) diligent efforts to timely file and (2) extraordinary and unavoidable circumstances. See Arthur v. Allen, 452 F.3d 1234, 1253 (11th Cir. 2006). We have held that "an attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); Helton v. Sec'y for Dep't of Corr.,

259 F.3d 1310, 1313 (11th Cir. 2001). We have also said that "periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2006).

We conclude that equitable tolling is not warranted in this case because Melendez cannot show extraordinary circumstances. The untimely filing of his § 2254 petition ultimately resulted from his lawyer's mistaken belief that the filing of a second state postconviction petition would toll the limitations period under 28 U.S.C. § 2244(d)(2). That belief turned out to be mistaken because Melendez's second application for state postconviction relief was dismissed as untimely, and such an untimely application in state court is not "properly filed" under AEDPA and thus does not toll the limitations period under § 2244(d)(2). See Webster v. Moore, 199 F.3d 1256, 1257 (11th Cir. 2000). Our case law establishes that such a "miscalculation or misinterpretation by [petitioner's] attorney in interpreting the plain language of the statute does not constitute an extraordinary circumstance sufficient to warrant equitable tolling." Steed, 219 F.3d at 1300; Helton, 259 F.3d at 1313.

Equally unavailing is Melendez's argument that he lacked access to his legal papers until after the federal limitations period had expired. Melendez was

4

separated from his legal papers while his lawyer prepared his case for state postconviction relief, a period of separation that is routine for prisoners with access to legal representation. Even assuming that Melendez's lawyer failed to return Melendez's legal papers promptly upon request, it is clear that any such failure was the result of the lawyer's mistaken belief that filing a second state postconviction petition was the appropriate course of action and would toll AEDPA's one-year period of limitations. Because a lawyer's error does not constitute extraordinary circumstances, equitable tolling is not warranted under the circumstances of this case. See Steed, 219 F.3d at 1300.

## III.

For these reasons, we affirm the judgment of the district court dismissing Melendez's § 2254 petition as barred by the statute of limitations.

**AFFIRMED.**