[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10184
Non-Argument Calendar
_____

D. C. Docket No. 06-00380-CV-ORL-22-DAB

EARL L. BELL,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 12, 2007)

Before ANDERSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Earl Bell, a Florida state prisoner proceeding pro se, appeals the dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). For the reasons that follow, we affirm.

## I. BACKGROUND

Bell is currently incarcerated pursuant to his December 20, 2000 conviction on two counts of aggravated battery. He appealed his convictions and sentences to the Fifth District Court of Appeal of the State of Florida, which affirmed in an opinion filed on February 5, 2002. Bell later filed motions for post-conviction relief in state court on September 3, 2002, January 20, 2004, and January 12, 2005.

On March 19, 2006, Bell signed and mailed his first pro se § 2254 habeas petition. In an order dated April 27, 2006, the federal district court ordered Bell to re-file his § 2254 petition on an approved form within eleven days. Bell completed his petition on the approved form, and he signed and mailed the petition on May 7, 2006. In an order dated May 16, 2006, the district court again ordered Bell to re-file the petition because his first re-filed petition exceeded the allowable page length and did not comply with formatting requirements. Bell signed and mailed his corrected petition on May 25, 2006.

2

In his second re-filed petition, Bell acknowledged that the petition was untimely, but he asserted that newly discovered evidence, inadequate access to the prison law library, and a lack of knowledge of the AEDPA limitations period (resulting from his inability to access the law library) were extraordinary circumstances that justified equitable tolling. Specifically, Bell stated that he was housed at the Polk County Work Camp, which does not have a law library, and officials at the camp denied him access to the "main prison" library, located across the street. Because he had no access to "legal materials," Bell contended that he had no "knowledge of AEDPA regarding time limitations." Bell also noted that he had attached to his initial § 2254 petition, as "Exhibit A," his November 15, 2005 request for access to the law library, which prison officials had denied because he failed to "prove" that he had a "20 or fewer calendar day deadline imposed on [him] by court order or rule of court."

The district court dismissed Bell's § 2254 petition as time-barred. Finding that Bell had not shown sufficiently "extraordinary circumstances beyond his control," the court rejected Bell's claim to equitable tolling. The court also rejected Bells's argument regarding "newly discovered evidence" on the ground that Bell had not specified the nature of the newly discovered evidence or when he became aware of that evidence.

3

Bell filed a notice of appeal and moved for a certificate of appealability ("COA"), reiterating his argument that he was entitled to equitable tolling. Specifically, Bell argued that he was housed at the Polk County Work Camp, which does not have a law library, and officials at the work camp denied him access to the "Main Unit" library, located across the street, unless he could "show a 20 day deadline." He stated that after his request for access to the Main Unit library was denied, he sought help from "Polk Work Camp Prison Officials" and was told to submit an inmate request to the Main Unit library, which he had already done.[1] This court granted a COA on the limited issue of whether Bell was entitled to equitable tolling based on his contention that he was unaware of the limitations period because he was denied access to the prison law library.

## II. DISCUSSION

On appeal, Bell argues that the district court erred in concluding that he was not entitled to equitable tolling.[2] We review de novo the district court's decision to deny equitable tolling. Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002). But the district court's determination of relevant facts—including a

_____

[1] There appears to be nothing in the record documenting when Bell was housed in the prison's "Main Unit" and when he was moved to the prison's Work Camp.

[2] In his appellate brief, Bell also raises nine substantive arguments regarding the merits of his § 2254 petition. Because these issues are outside of the narrow scope of the COA, we do not address them. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

4

determination about a party's diligence—is reviewed for clear error.  Id.  Under the clear error standard, we must "affirm a district court's findings of fact unless the record lacks substantial evidence to support that determination."  Id. (internal quotation marks omitted).

The AEDPA imposes a one-year statute of limitations for filing a § 2254 habeas petition, which begins to run following, inter alia, the date on which the petitioner's judgment of conviction becomes final.  28 U.S.C. § 2244(d)(1).  The judgment becomes "final" on the date on which the U.S. Supreme Court issues a decision on the merits of the petitioner's direct appeal, denies a petition for writ of certiorari, or after the expiration of the 90 days in which the petitioner could have filed such a petition.  Bond v. Moore, 309 F.3d 770, 773 (11th Cir. 2002).  But "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ."  28 U.S.C. § 2244(d)(2).

"Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."  Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001).  "A determination as to whether rare and exceptional circumstances are presented requires the examination

of the facts in each case," <u>Arthur v. Allen</u>, 452 F.3d 1234, 1253 (11th Cir. 2006), and "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner," <u>Wade v. Battle</u>, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted).  Even if a prisoner shows that "extraordinary circumstances" occurred, the prisoner must still demonstrate that he acted with due diligence in order to be entitled to equitable tolling.  <u>See</u> <u>Helton</u>, 259 F.3d at 1313.  If a petitioner cannot establish due diligence, we need not consider whether extraordinary circumstances existed.  <u>Diaz v. Sec'y for Dep't of Corr.</u>, 362 F.3d 698, 702 n.7 (11th Cir. 2004).

Here, Bell's limitations period began to run on May 6, 2002—after the expiration of the 90 days in which Bell could have petitioned the Supreme Court for writ of certiorari.  28 U.S.C. § 2244(d)(1); <u>Chavers v. Sec'y, Fla. Dep't of Corr.</u>, 468 F.3d 1273, 1275 (11th Cir. 2006) (holding that entry of judgment, and not the issuance of a mandate, starts the clock running for time to petition the Supreme Court for certiorari).  Thereafter, beginning on September 3, 2002, Bell filed several motions for post-conviction relief in state court, and the limitations period was tolled by statute during the pendency of these proceedings.  <u>See</u> 28 U.S.C. § 2244(d)(2).  But on December 8, 2004, the one-year limitations period

6

expired.[3]  Because Bell did not file his § 2254 petition until March 19, 2006, absent

equitable tolling, his petition is time-barred.

Bell argues that he was unaware of AEDPA's one-year limitations period

because despite his due diligence, he was denied access to the law library housed at

the Main Unit of his prison.  According to Bell, his inability to access the law

library was an extraordinary circumstance beyond his control, justifying equitable

tolling of the limitations period.  We disagree.

The record shows that Bell did not formally request access to the prison law

library until November 15, 2005—more than eleven months *after* the limitations

period had expired on December 8, 2004.  And there is no record evidence that

*before* the limitations period expired, Bell diligently attempted to determine the

applicable limitations period (by, for example, attempting to access the prison law

library) or that prison officials thwarted his efforts.  Moreover, Bell filed three pro

se motions for post-conviction relief in state court during the relevant time period,

and there is no evidence that Bell's access to the law library was so inadequate as

to prevent him from researching the legal issues raised in those motions.  See

Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000) (rejecting a claim of

---

[3] The limitations period ran for 120 days from May 6, 2002 to September 3, 2002; 22 days from December 29, 2003 to January 20, 2004; and for 222 days from April 30, 2004 to December 8, 2004.

equitable tolling where petitioner claimed that two prison lockdowns prevented him from using the prison library for a six-month period, because even absent the six-month period of inaccessibility, the petitioner still had four years to prepare and file his habeas motion, and he had access to the library during these four years). As such, Bell has failed to establish that his inability to access the prison law library was an extraordinary circumstance that prevented him from timely filing his § 2254 petition despite his due diligence. We therefore conclude that the district court did not err in dismissing Bell's petition as time-barred.

## III.  CONCLUSION

For the foregoing reasons, we **AFFIRM**.