[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13593
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cv-02019-JDW-MAP

JEFFREY MARTIN RYDER,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 6, 2013)

Before DUBINA, Chief Judge, TJOFLAT and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Jeffrey Ryder, a Florida state prisoner, appeals the district court's denial of his Federal Rule of Civil Procedure 60(b)(6) motion for relief from a prior judgment that dismissed, as untimely filed, his 28 U.S.C. § 2254 habeas corpus petition. After denying the Rule 60(b)(6) motion, the district court granted Ryder a certificate of appealability ("COA") on the question whether he was entitled to equitable tolling of the applicable statute of limitations with respect to his habeas petition. On appeal, Ryder argues that the district court abused its discretion in denying his Rule 60(b)(6) motion, as the alleged abandonment by his prior attorney constituted an extraordinary circumstance warranting equitable tolling.

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006). When reviewing for an abuse of discretion, we affirm unless the district court applied an incorrect legal standard or made findings of fact that were clearly erroneous. *See Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000). An appeal of a ruling on a Rule 60(b) motion is narrow in scope, addressing only the propriety of the denial or grant of relief  rather than issues regarding the underlying judgment. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). "Because of this limitation, the law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal." *Id.*

2

Pursuant to Rule 60(b), a party may seek relief from a civil judgment based on a number of specified reasons, including excusable neglect, newly discovered evidence, or misconduct. *See* Fed.R.Civ.P. 60(b). Under Rule 60(b)(6), the catchall provision of Rule 60(b), a party may also seek relief based on "any other reason that justifies relief." *Id.* To qualify for relief under this catchall provision, the moving party must "demonstrate that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is a matter for the district court's sound discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal quotation marks and alterations omitted). To reverse the denial of a Rule 60(b)(6) motion, it is not enough that a grant of the motion might have been permissible or warranted. *Id.* Rather, the appellant must demonstrate that the district court was required to grant relief. *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations for filing a federal habeas petition that runs from several dates, including the date on which the judgment became final. 28 U.S.C. § 2244(d)(1)(A). The statute of limitations, however, can be equitably tolled in certain circumstances. *Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). Equitable tolling requires that the movant show the circumstances were "both beyond his control and unavoidable even with diligence." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (internal

3

quotation marks omitted).  This equitable remedy is "typically applied sparingly." *Id.*  Mere attorney negligence will not justify a grant of equitable tolling.  *Holland*, 560 U.S. at __, 130 S. Ct. at 2564; *see also Helton v. Sec'y, Dep't of Corrs.*, 259 F.3d 1310, 1313 (11th Cir. 2001) (holding that an attorney's misinforming the petitioner as to the deadline for filing his habeas petition does not constitute extraordinary circumstances warranting equitable tolling).  Further, the Supreme Court has rejected the contention that counsel's mistake in miscalculating the limitations period entitles the petitioner to equitable tolling.  *Lawrence v. Florida*, 549 U.S. 327, 336-37, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007).  Specifically, the Court has held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."  *Id.*

In *Holland*, the Supreme Court, while reiterating that mere attorney negligence does not warrant equitable tolling, nevertheless held that an attorney's serious misconduct may warrant such tolling.  *Holland*, 560 U.S. at __, 130 S. Ct. at 2564-65.  The defendant in the case filed a *pro se* federal habeas petition after the filing deadline had already passed, but he contended that the statute of limitations should have been equitably tolled.  *Id.* at __, 130 S. Ct. at 2554-55.  In support, he alleged that, during the two years while his state habeas petition was pending before the Florida Supreme Court, his attorney communicated with him

4

only three times, and each time only by letter. *Id.* at  __, 130 S. Ct. at 2555.

During this time, Holland's attorney never met with him or updated him on the

status of his case. *Id.* After the attorney argued Holland's appeal before the state

Supreme Court, Holland wrote him multiple letters regarding the importance of

filing his federal habeas petition timely. *Id.* at __, 130 S. Ct. at 2556. Despite

Holland's attempts to communicate, his attorney ultimately missed the filing

deadline for his federal habeas petition. *Id.* at __, 130 S. Ct. at 2556-57. Once

Holland learned—in the prison library, not from his attorney—that the Florida

Supreme Court had already decided his case and the federal filing deadline had

passed, he immediately filed his own *pro se* federal habeas petition. *Id.* at __, 130

S. Ct. at 2557.

At the outset, the Supreme Court stated that Holland was only entitled to

equitable tolling if he showed that "some extraordinary circumstance" prevented

the timely filing of his habeas petition. *Id.* at __, 130 S. Ct. at 2562 (internal

quotation marks omitted). While the Court reiterated that "a garden variety claim

of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a

filing deadline, does not warrant equitable tolling," it concluded that Holland had

not presented such a "garden variety claim." *Id.* at __, 130 S. Ct. at 2564 (internal

quotation marks omitted). Rather, the facts of Holland's case presented "far more

serious instances of attorney misconduct." *Id.* The Court found that, while the

attorney's failure to timely file Holland's federal habeas petition and his apparent unawareness of the filing deadline date suggested simple negligence, that did not mark the end of the attorney's misconduct. *Id.* Rather, the Court found that the attorney's failure to timely file despite Holland's many letters emphasizing the importance of doing so, his apparent lack of research regarding the correct filing date, his failure to inform Holland that the Florida Supreme Court had decided his case, and his cumulative failure to communicate with Holland over a period of years amounted to more than simple negligence. *Id.* Thus, the Court concluded that, under the circumstances, the attorney's misconduct may have constituted extraordinary circumstances warranting equitable tolling and remanded the case for such a determination. *Id.* at __, 130 S. Ct. at 2565.

Further, in *Maples v. Thomas*, the Supreme Court evaluated whether the misconduct of the appellant's attorneys amounted to abandonment, and was thus an extraordinary circumstance, in the context of procedural default. 565 U.S. __, 132 S.Ct. 912, 924, 181 L. Ed. 2d 807 (2012). The petitioner in *Maples* was an Alabama state prisoner who was represented by two *pro bono* attorneys from a New York law firm. *Id.* at __, 132 S. Ct. at 916. As required under Alabama law, the two New York attorneys engaged an Alabama lawyer to move their admission *pro hac vice*, but, otherwise, the Alabama lawyer had no substantive involvement in Maples's case. *Id.* While Maples's state post-conviction petition was pending,

6

the two New York attorneys left their firm and, thus, became ineligible to represent him. *Id.* Neither attorney informed Maples of his departure and corresponding inability to represent Maples. *Id.* Further, neither sought leave from the state court to withdraw or moved for substitution of counsel. *Id.* at __, 132 S. Ct. at 916-17. Without the assistance of counsel, Maples did not timely appeal the state court's denial of his habeas petition. *Id.* at __, 132 S. Ct. at 917. Maples later filed a federal habeas petition with the district court, which rejected the petition because of Maples's previous procedural default in state court. *Id.* The Supreme Court, on appeal, concluded that Maples's attorneys had abandoned him by virtue of their conduct. *Id.* at __, 132 S. Ct. at 924-26. Thus, he had shown that his failure to timely appeal in state court was due to "extraordinary circumstances quite beyond his control." *Id.* at __, 132 S. Ct. at 927. Accordingly, the Court excused his procedural default. *Id.*

We conclude from the record here that the district court did not abuse its discretion in denying Ryder's Rule 60(b)(6) motion because the record supports the court's conclusion that he was not entitled to equitable tolling of the § 2244(d) statute of limitations. The district court properly found that none of Ryder's attorney's challenged conduct rose to the level of abandonment and, thus, did not warrant equitable tolling. Further, as previously noted, an attorney's negligence in missing a filing deadline does not constitute abandonment. Accordingly, we affirm

7

the district court's order denying Ryder's Rule 60(b)(6) motion for relief from prior judgment.

**AFFIRMED.**