[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
06/15/99
THOMAS  K. KAHN
CLERK

_____

No. 97-5891

_____

D. C. Docket Nos. 91-172-CR-FAM and
97-1256-CV-FAM

EDWARD STEVE SANDVIK,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 15, 1999)**

Before COX and HULL, Circuit Judges, and COHILL[*], Senior District Judge.

PER CURIAM:

_____

[*]     Honorable Maurice B. Cohill, Jr., Senior U. S. District Judge for the Western District
of Pennsylvania, sitting by designation.

This appeal presents the issue whether the period of limitations in 28 U.S.C. § 2255 may be equitably tolled.  We hold that it may, but that mere attorney negligence like that here is not a basis for equitable tolling.

## 1. Background

In 1991, Edward Sandvik was convicted, on a plea of guilty, of conspiracy to possess cocaine with intent to distribute.  After skipping bail for his first scheduled sentencing hearing, Sandvik was ultimately sentenced in 1992 to 188 months' imprisonment.  His sentence was affirmed on appeal in August 1993.  Nearly four years later, represented by counsel, Sandvik filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on the ground that he was denied effective assistance of counsel at sentencing.  Sandvik's counsel sent the motion by ordinary mail from her office in Atlanta, Georgia.  We can infer from the certificate of service attached to the motion that it left her office on April 18, 1997.  The court clerk in Miami file-stamped the motion on April 25, 1997.

The Government moved to dismiss the petition on the ground that it was untimely under § 2255's period of limitations.[1]  A magistrate judge concluded, as this circuit later did, that § 2255's period of limitations should be construed to provide

---

[1]   "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255.

2

those convicted before April 24, 1996 (the effective date of the amendment introducing the period of limitations) a full year after that date to file motions under § 2255. *See Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998). The district court agreed and dismissed the motion.

Sandvik contends in this appeal that § 2255's statute of limitations may be equitably tolled. He argues, moreover, that equitable tolling is justified in his case because the only reason the motion was late was his lawyer's decision, only five days before the statute ran out, to send the motion from Atlanta to Miami by ordinary mail. We review the district court's dismissal of Sandvik's motion de novo because this issue is solely one of law. *See United States v. Hooshmand*, 931 F.2d 725, 737 (11th Cir. 1991).[2]

*2. Discussion*

To our knowledge, no court of appeals has held whether § 2255 permits equitable tolling on grounds apart from those specified in the statute.[3] This field is not completely unploughed, however: A consensus is forming that the similar period of

---

[2]     Sandvik raises other arguments, as well, but we reject them without further discussion. *See* 11th Cir. R. 36-1.

[3]     The Third Circuit has decided the question, but in dicta. *See Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 619 n.1 (3d Cir. 1998). The Eighth Circuit got close, but held simply that even if equitable tolling were available, it would not be appropriate in that case. *See Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999).

3

limitations found in 28 U.S.C. § 2244, which governs 28 U.S.C. § 2254 petitions, does permit equitable tolling. *See Calderon v. United States Dist. Ct.*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1474 (1999); *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.), *cert. denied*, 119 S. Ct. 210 (1998). These opinions all properly examine the language and intent of the statute itself to determine whether equitable tolling is available, as the Supreme Court has instructed us to do. *See United States v. Beggerly*, 118 S. Ct. 1862, 1868 (1998). Their reasons, moreover, are sound.

There is no obvious cause, and the parties offer none, why this interpretation of § 2244's statute of limitations should not be equally valid for § 2255's. A presumption that a statute of limitations may be equitably tolled applies with equal force to both statutes. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S. Ct. 453, 457 (1990). And like § 2244(d), there is every indication that § 2255's deadline is a garden-variety statute of limitations, and not a jurisdictional bar that would escape equitable tolling. First, like § 2244's, § 2255's time limit is called a "period of limitations," and thus does not imply a jurisdictional boundary. *Cf. Davis*, 158 F.3d at 811; *Calderon v. United States Dist. Ct.*, 128 F.3d 1283, 1288 (9th

4

Cir. 1997). Section 2255's limit shares a legislative history with § 2244,[4] moreover, that makes clear that both statutes were intended to be ordinary statutes of limitation and not jurisdictional bars. *Cf. id.* Furthermore, § 2255's period of limitations, like § 2244's, is divorced from the portion of the statute granting the district court authority to conduct post-conviction review. *See* 28 U.S.C. § 2255 (authorizing the district court to hear such motions in its first paragraph, while imposing the time limit in its sixth paragraph); *cf. Miller*, 145 F.3d at 618.

We therefore conclude that in the proper case § 2255's period of limitations may be equitably tolled. This is not, however, a proper case. Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *See, e.g., Irwin*, 498 U.S. at 96, 111 S. Ct. at 458 ("[Federal courts] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."); *Calderon*, 163 F.3d at 541 ("[T]he time bar . . . can be tolled 'if "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time.'") (quoting *Calderon*, 128 F.3d at 1288-89);

---

[4]        Both statutes of limitation were added by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, §§ 101, 105, 110 Stat. 1214, 1217, 1220 (1996). The House Conference Report relating to the Act discusses the statutes of limitations together as a "limitation on an application for a habeas writ." H. Conf. Rep. No. 104-518, at 111 (1996), *reprinted in* 1996 U.S.C.C.A.N. 924, 944.

*Miller*, 145 F.3d at 619 ("Mere excusable neglect is not sufficient [to toll the bar]."); *Marr*, 141 F.3d at 978 (not knowing about the period of limitation until too late is not a ground for equitable tolling). Sandvik's motion was late because his lawyer sent it by ordinary mail from Atlanta less than a week before it was due in Miami. While the inefficiencies of the United States Postal Service may be a circumstance beyond Sandvik's control, the problem was one that Sandvik's counsel could have avoided by mailing the motion earlier or by using a private delivery service or even a private courier. There is not, therefore, ground for equitable tolling here.

### 3. Conclusion

For the foregoing reasons, we affirm the dismissal of Sandvik's § 2255 motion.

AFFIRMED.