[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 26 2000
THOMAS K. KAHN
CLERK

_____

No. 99-13903

_____

D. C. Docket No. 99-00992-CV-RLV-1

FREDERICK T. STEED,

                                        Petitioner-Appellant,

versus

FREDERICK HEAD, Warden,

                                        Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____
**(July 26, 2000)**


Before EDMONDSON and BIRCH, Circuit Judges, and SHAPIRO *, District Judge.


_____
* Honorable Norma L. Shapiro, U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.


BIRCH, Circuit Judge:

Frederick T. Steed appeals the district court's denial of his habeas corpus petition as untimely. Steed contends that his petition was not time-barred because the statute of limitations is tolled to include the ninety day period during which he could have petitioned the United States Supreme for certiorari review of the denial of his state habeas corpus petition. Alternatively, he argues that equitable tolling applies. We affirm for the reasons that follow.

## I. BACKGROUND

On December 9, 1994, Steed was convicted for armed robbery and sentenced to twenty years' imprisonment. On February 19, 1996, a Georgia court of appeals affirmed his conviction on direct appeal. On May 10, 1996, the Georgia Supreme Court denied Steed's petition for writ of certiorari. Steed did not petition the United States Supreme Court for certiorari review of his direct appeal. On November 6, 1996, Steed filed a petition for habeas corpus in state court which was denied on March 19, 1997. On May 4, 1998, the Georgia Supreme Court denied Steed's petition for a certificate of probable cause to appeal the denial of his petition. Steed did not petition the United States Supreme Court for certiorari review of the denial of his state habeas corpus petition. On April 20, 1999, Steed filed his petition for habeas corpus in federal court. The district court adopted a magistrate judge's report and

2

recommendation and denied the petition because it was time-barred. The district court reasoned that under the plain language of Section 2244(d)(2), "[a] petition for a writ of certiorari to the United States Supreme Court is not part of the state post-conviction process" and does not toll the statute of limitations under Section 2244(d)(2). The court also concluded that equitable tolling was not appropriate. This appeal followed.

## II. DISCUSSION

Standard of Review

We review *de novo* the district court's determination that the petition for federal habeas corpus relief was time-barred under section 2244(d). *See Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1211 n.4 (11th Cir. 1998).

We affirm on the issue of whether the statute of limitations tolling provision in 28 U.S.C. § 2244(d)(2) includes the time for seeking certiorari review by the United States Supreme Court based on Coates v. Byrd, 211 F.3d 1225 (11th Cir. 2000) (holding that "the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1)").

Steed contends that the limitations period is subject to equitable tolling because his calculation of the statute of limitations depended on an interpretation of a novel legal issue and he was required to interpret Section 2244(d)(2) in the absence of "clear

3

law." We review the district court's determination that equitable tolling is inapplicable *de novo*. *See Sandvik v. United States*, 177 F.3d 1269, 1270-71 (11th Cir. 1999); *see also Justice v. United States*, 6 F.3d 1474, 1478 (11th Cir. 1993).

Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik,* 177 F.3d at 1271. Equitable tolling is an extraordinary remedy which is typically applied sparingly. *See Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990). Mere attorney negligence does not justify equitable tolling. *See Sandvik*, 177 F.3d at 1270; *see also Justice*, 6 F.3d at 1480 (quoting *Irwin,* 498 U.S. at 96 ("'principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect'")). An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling. *See Harris v. Hutchinson,* 209 F.3d 325, 330-31 (4th Cir. 2000) (prisoner seeking federal habeas corpus relief claimed that he relied on his attorney's misinterpretation of section 2244(d)(1) limitations period); *Taliani v. Chrans,* 189 F.3d 597, 597-98 (7th Cir. 1999) (prisoner seeking federal habeas corpus relief claimed that his attorney miscalculated section 2244(d)(1) limitations period due to inadequate research). Any miscalculation or misinterpretation by Steed's attorney in interpreting the plain language of the statute

4

does not constitute an extraordinary circumstance sufficient to warrant equitable tolling.

## III. CONCLUSION

We conclude that Section 2244(d)(2) does not permit the tolling of the statute of limitations for the period of time a defendant could have petitioned the United States Supreme Court for certiorari review of the denial of state habeas corpus relief. Moreover, the record does not support the application of the doctrine of equitable tolling. Steed's petition for federal habeas corpus relief was time-barred.

AFFIRMED.