[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15670
Non-Argument Calendar

_____

D. C. Docket No. 03-01562-CV-T-27-MAP

MARK ALLEN TAYLOR,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 25, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Mark Allen Taylor, a Florida prisoner proceeding *pro se*, appeals the

dismissal of his 28 U.S.C. § 2254 federal habeas corpus petition as untimely.

Taylor was convicted of robbery with a deadly weapon in state court in November 1998. The conviction and sentence were upheld in direct appeals before the state courts. Following exhaustion of all direct appeals, the applicable limitations period for federal habeas relief ran from April 17, 2000 until April 17, 2001. On April 18, 2001, one day after the limitations period expired, Taylor filed a *pro se* motion for state habeas relief. The state motion, and all appeals arising from that motion in state court, were subsequently denied. On August 27, 2003 Taylor filed his §2254 petition for federal habeas relief.

Before the district court, the state initially conceded that the §2254 petition was tolled by the state proceedings and was therefore timely, but argued that it was procedurally defaulted and without merit. The district court, *sua sponte*, concluded that the state erroneously conceded that the suit was not time-barred since the limitation period lapsed before state habeas proceedings commenced. Further, the district court determined that Taylor had failed to demonstrate extraordinary circumstances sufficient to warrant equitable tolling and further failed to establish a colorable "actual innocence" claim. The district court thus dismissed Taylor's petition.

Taylor appealed the district court's dismissal, and we granted a certificate of

appealability ("COA") as to the following issue only: Whether the district court erred in dismissing appellant's § 2254 petition as untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitations for writs of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). Further, because § 2244(d) is a statute of limitations and not a jurisdictional bar, it allows equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999).

Taylor does not dispute that he filed his motion for state habeas relief after the limitations period had expired. Further, he concedes that there are no extraordinary circumstances that would justify application of the equitable tolling doctrine. Thus, the district court did not err in dismissing Taylor's petition as untimely. Taylor nevertheless argues that this Court should address the merits of his § 2254 petition because he is "actually innocent" of the crime of conviction. However, we have never held that there is an "actual innocence" exception to the

3

AEDPA's one-year statute of limitations, and we decline to do so in the instant case because Taylor has failed to make a substantial showing of actual innocence. *See Sibley v. Culliver,* 377 F.3d 1196, 1205 (11th Cir. 2004). Accordingly, we affirm.

**AFFIRMED.**