[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 5, 2010
JOHN LEY
CLERK

_____

No. 09-13219
Non-Argument Calendar

_____

D. C. Docket No. 09-00021-CV-HLM-4

KENNETH SCOTT,

Petitioner-Appellant,

versus

WARDEN TERRY DUFFY,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 5, 2010)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth Scott, a Georgia state prisoner proceeding *pro se*, appeals the dismissal of his 28 U.S.C. § 2254 petition as time-barred. In his § 2254 petition, Scott challenged the revocation of his state probation, which became final in April 2006 when his counsel, against Scott's directive, did not file an appeal on his behalf. The district court dismissed the § 2254 petition as untimely because it was filed in January 2009, well over the one-year limitations period for federal habeas corpus petitions under the AEDPA. We granted Scott a Certificate of Appealibility on whether the district court erred by finding his writ untimely.

On appeal, Scott argues that his lawyer's failure to appeal his state probation revocation was a State impediment pursuant to 28 U.S.C. § 2244(d)(1)(B) that should have delayed the start of the limitations period. Scott also argues that this same failure entitles him to equitable tolling of the limitations period and constitutes cause and prejudice sufficient to overcome AEDPA's procedural bar. Scott's second argument on appeal is that our Circuit should recognize an "actual innocence" exception to AEDPA's statute of limitations period and that because there was no evidence that the victim of his aggravated assault experienced apprehension or fear, he is actually innocent of the offense which triggered the revocation of his probation. Therefore, Scott claims that his § 2254 petition should be considered timely.

"We review *de novo* a district court's dismissal of a federal habeas petition, including the determination that a petition is time-barred under § 2244(d)." *Melson v. Allen*, 548 F.3d 993, 996–97 (11th Cir. 2008), *cert. denied*, 130 S. Ct. 254 (2009). By statute, there is a one-year period of limitation for a person in state custody to file a federal petition seeking a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The period runs from the latest of several potential start dates, including when the state court judgment became final after the expiration of the time for seeking direct review. *Id.* at § 2244(d)(1)(A). Under Georgia law, a defendant has 30 days to file an appeal challenging the revocation of probation. O.C.G.A § 5-6-35(a)(5), (d). No appeal was filed in Scott's case. Therefore, the judgment of the superior court became "final" on April 13, 2006, and Scott had one year within which to file his federal habeas corpus petition or toll the limitations period by filing a state collateral attack. He did not file his federal petition or a state habeas petition prior to the expiration of the one-year period of limitation.

Scott's first argument—that his attorney's failure to appeal his probation revocation is a State impediment cognizable under § 2244(d)(1)(B)—is without merit. The AEDPA's one-year limitation period may be tolled by the existence of an impediment that was created by State action in violation of the Constitution or laws of the United States if "the applicant was prevented from filing by such State

3

action." 28 U.S.C. § 2244(d)(1)(B). However, we have held that the incompetence of a habeas petitioner's attorney is not the type of State impediment envisioned in § 2244(d)(1)(B). *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005) (rejecting petitioner's argument that the State impeded his timely filing of his § 2254 petition by providing him an incompetent attorney through the Florida counsel registry system).

Nor can Scott show that there are extraordinary circumstances present in his case to warrant the application of equitable tolling. "Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). It is only available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Mere attorney negligence does not justify equitable tolling." *Steed*, 219 F.3d at 1300. For a petitioner to be entitled to equitable tolling, there must be "egregious attorney misconduct," such as "proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part." *Melson v. Allen*, 548 F.3d 993, 1001 (11th Cir. 2008) (quotation omitted). Scott's allegations that his attorney failed to file an appeal of his probation revocation, and to inform him of this fact, does not constitute egregious attorney misconduct warranting

4

equitable tolling. Far from constituting bad faith or dishonesty, Scott's decision not to appeal the probation revocation was a purely tactical one, especially in light of Scott's admission of guilt as to the probation revocation offense.[1]

Finally, Scott's actual innocence argument fails as well. "Neither the Supreme Court nor this Court has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period." *Melson*, 548 F.3d at 1002. However, assuming that such an exception exists, a "petitioner must first make a sufficient showing of actual innocence." *Id.* "This requires the petitioner to produce new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* (quotation omitted). Scott has made no such showing as to the aggravated assault underlying his probation revocation. Instead of offering new evidence, he cited to the victim's and a law enforcement officer's testimony from his revocation hearing. Moreover, at the hearing, Scott admitted to

---

[1] We decline to address Scott's argument that his attorney's failure to file an appeal constituted cause and prejudice sufficient to overcome the AEDPA's one-year statute of limitations because this argument is misplaced. Scott's 28 U.S.C. § 2254 petition was not dismissed due to procedural default so a showing of cause and prejudice is not relevant or necessary. Procedural default occurs when a state prisoner seeking federal habeas relief is barred from raising a federal constitutional claim in federal court because he failed to first properly raise the issue in state court. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). Scott's petition was dismissed due to untimely filing; no court ever reviewed the merits of his petition or determined that he attempted to raise a procedurally defaulted constitutional claim. Therefore, he need not show "cause" for the default and actual "prejudice" resulting from the default. *See id.*

committing the aggravated assault offense and violating his probation.

In sum, the district court did not err by dismissing Scott's § 2254 petition as time-barred because the alleged incompetence of his state-appointed lawyer did not qualify as a "State impediment" that delayed the start of the limitations period or justify equitable tolling. Assuming that there is an actual innocence exception to the time period for seeking habeas relief, Scott also failed to present new evidence showing his actual innocence.

**AFFIRMED.**