[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-14933
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:07-cr-20923-ASG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL MYRTHIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 6, 2011)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Gabriel Myrthil appeals the district's court's denial of his petition

challenging the court's subject matter and personal jurisdiction with respect to his

original convictions and sentences for (1) armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d) and 2; (2) using and carrying a firearm during and in relation to a crime of violence and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; and (3) unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court found that it lacked jurisdiction to consider the post-conviction petition, but also ruled that the petition was untimely and lacked merit. Myrthil's relevant arguments first assert that, with respect to his original conviction, the government failed to properly allege and prove the existence of the court's jurisdiction to convict and sentence him under the statutes charged. Myrthil requests that the judgments against him be dismissed, and also requests a release from prison.

We review "*de novo* questions concerning the jurisdiction of the district court." *United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010). Whether a district court has the authority to modify and vacate a sentence is a question of law subject to *de novo* review. *Id.* "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

"A § 2255 motion is aimed at having a judgment of conviction and sentence set aside because of some constitutional violation, jurisdictional defect, or other ground that makes the judgment subject to collateral attack." *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1260 (11th Cir. 2004). *See* 28 U.S.C. § 2255(a) (providing the basis for relief if a prisoner in custody claims "the right to be released upon the ground that . . . the court was without jurisdiction to impose such a sentence . . . .").

"Federal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework." *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). Therefore, a district court is authorized to recharacterize a *pro se* litigant's motion for relief from a criminal judgment as a § 2255 motion to vacate. *Castro v. United States*, 540 U.S. 375, 382-83, 124 S. Ct. 786, 792 (2003). However, when a district court

> recharacterizes a *pro se* litigant's motion as a first § 2255 motion . . . [,] the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions.

3

*Id.* at 383, 124 S.Ct. at 792.

After a review of the record and consideration of the parties' briefs, we conclude that since the record does not indicate that the district court considered the possibility of construing Myrthil's petition as his first § 2255 motion to vacate, and since Myrthil's jurisdictional claim can be properly brought under § 2255, the district court should have explored this possibility, along with the issues of the motion's timeliness, whether equitable tolling applied, and whether the *Castro* warnings must be given to Myrthil. *See* 28 U.S.C. § 2255(f) (establishing a one-year statute of limitations for filing a § 2255 motion); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (holding that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"); *Castro*, 540 U.S. at 382-83, 124 S. Ct. at 792. Accordingly, we vacate the judgment of the district court, and remand for further proceedings in accordance with this opinion.

**VACATE AND REMAND.**[1]

---

[1] Myrthil's request for oral argument is denied.