**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 12-1500

CARLOS DOMINGUEZ,

Petitioner, Appellant,

v.

RONALD DUVAL, ET AL.,

Respondents, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Thompson, Circuit Judge,
Souter,[*] Associate Justice,
and Stahl, Circuit Judge.

Deirdre L. Thurber for appellant.
Anne M. Thomas, Assistant Attorney General, with whom Martha Coakley, Attorney General, and Janine Lopez, Legal Intern, were on brief, for appellee.

July 23, 2013

---

[*] Hon. David H. Souter, Associate Justice (Ret.) of the Supreme Court of the United States, sitting by designation.

**SOUTER, Associate Justice**.   The appellant, Carlos Dominguez, was convicted in a Massachusetts court of the second degree murder of Sao Sun.  After the Massachusetts Appeals Court affirmed the conviction and the Supreme Judicial Court denied further appellate review, Dominguez filed a petition in the United States District Court for relief on habeas corpus, 28 U.S.C. § 2254, which was dismissed for untimely filing in the absence of any apparent justification for equitable tolling of the one-year statute of limitations, id. § 2244(d)(1).  We affirm.

The facts of the offense accepted by the Appeals Court and the district court, and not contested here, show that early one morning a resident of Grove Street in Chelsea, Massachusetts, went to the window after hearing cries from the street.  He saw that they were coming from an Asian man being chased by two men he described as Hispanic.  He identified the Asian as Sao Sun, an habitual scavenger around the neighborhood, 61 years old, emaciated, weighing about a hundred pounds or a little over, with a heart condition.  Somewhat later, the victim was found dead a short distance away on a side street running off Grove, at a spot connected by a trail of blood to the place where the witness had seen him running.  The cause of death was a stab wound in one shoulder.  When the police searched Dominguez's apartment they found clothing covered with Sun's blood hidden behind a refrigerator, and after initial denials Dominguez admitted

2

inflicting the stab wound.  Although he was younger than the victim and outweighed him by some forty pounds, he said he had "cut" Sun in self-defense after the victim had attacked him with a stick, thrown the stick at him and lunged at him.

In this appeal from dismissal of the habeas petition for late filing, the untimeliness is uncontested, and the sole issue is whether it was error for the district court to refuse equitable tolling of the running of the time, a matter we review for abuse of discretion.  Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012). To obtain tolling, as held available in Holland v. Florida, 130 S.Ct. 2549, 2560 (2010), a petitioner bears a substantial burden to establish an exception to the statutory rule by showing that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances, id. at 2562.  This court has flagged illuminating considerations that are especially helpful in evaluating a petitioner's call for equity in a close case.  Trapp v. Spencer, 479 F.3d 53, 61 (1st Cir. 2007).

The district court found that Dominguez satisfied Holland's diligence requirement but thought that the circumstances were "unlikely" to qualify as extraordinary enough to excuse missing the deadline.  After consulting the Trapp protocol, the court dismissed the untimely petition for want of a persuasive

basis in equity to do otherwise.  We have no quarrel with either conclusion.

The one-year limitation period ending on December 9, 2010, had nearly expired on November 23, when counsel sent the habeas petition to Dominguez for signature, addressed to him at a New Jersey prison where prior mail had been sent and delivered. The envelope was back in counsel's office on December 3, unopened, with a "Return to Sender" stamp.  After verifying that Dominguez was still at the New Jersey prison, counsel mailed it again on December 6 for expedited delivery.  This time it was accepted and returned to the lawyer by the deadline, but it was not received at the district court until the following day.

The sequence smacks of the inefficiencies too endemic to incarceration to qualify as extraordinary.  See Holmes, 685 F.3d at 63 ("[The] usual problems inherent in being incarcerated do not justify equitable tolling." (internal quotation marks omitted)); cf. Sandvik v. United States, 177 F.3d 1269, 1272 (11th Cir. 1999) (finding a mailing delay not to be grounds for equitable tolling). Indeed, the only variant on the common theme of prison mail delay here is the erroneous return, but although that fact may be enough to present a discretionary judgment call, the district court correctly saw the Trapp considerations as counting against tolling.

Trapp identified five points bearing on a court's equitable discretion to toll, three of them in addition to

4

<u>Holland</u>'s diligence and character-of-the-circumstances as extraordinary or not. 479 F.3d at 61. As to those three, the district court held that diligence in exhausting state remedies and absence of prejudice to the prosecution favored tolling here. But <u>Trapp</u>'s remaining factor is the apparent merit of the claims that would be pressed if the petition should be entertained, tolling not being in order for claims of dubious merit. The district court soundly held that on this ground Dominguez was not entitled to equitable relief.

The first of Dominguez's constitutional claims is the conceded error of admitting the autopsy report into evidence through the testimony of a doctor who was not present at the autopsy and could not support the report's conclusions from any independent examination of his own. <u>See</u> <u>Crawford</u> v. <u>Washington</u>, 541 U.S. 36 (2004). The only question is whether the error was harmless, as the Massachusetts Appeals Court held. The deferential standard requiring a habeas petitioner to show a state court's unreasonable application of Supreme Court law or unreasonable finding of fact, <u>see</u> 28 U.S.C. § 2254(d)(1), (2), boils down here to the need to demonstrate that the error caused actual prejudice amounting to a "substantial and injurious effect or influence in determining the jury's verdict." <u>Brecht</u> v. <u>Abrahamson</u>, 507 U.S. 619, 637 (1993) (internal quotation marks omitted); <u>Fry</u> v. <u>Pliler</u>, 551 U.S. 112, 119-20 (2007). This Dominguez cannot do.

5

The report itself consisted largely of clinical observations without significance to the contested issues, and Dominguez agreed with its conclusion that the shoulder stab wound was the cause of death by bleeding. The argument for prejudice consequently addresses not the contents of the report but the absence of the examining pathologist, whom Dominguez would have liked to ask whether the nature of the wound supported his testimony that he had knifed Sun only in defending himself when Sun lunged at him after throwing a stick. But not only is the substance of the pathologist's hypothetical testimony a matter of pure speculation, the possibility that any such testimony would have swayed the jury toward accepting Dominguez's account is downright unrealistic. Dominguez was younger than the sickly 61 year-old Sun and outweighed him by a good forty pounds; no stick or other weapon was observed by the witness or found at the scene, and there is no evidentiary basis to suggest that the knife stab might actually have been a response to a lunge by an unarmed man of Sun's frail build. Dominguez's complaint of prejudice from lack of testimonial support for his version of the facts cannot be taken seriously.

The second claim is of a violation of the state's obligation to disclose evidence favorable to the defense under Brady v. Maryland, 373 U.S. 83 (1963), raised by motion for new trial that was denied by the trial court in a ruling sustained by

6

the Appeals Court. The district court found the merit of this claim "dubious" on the required <u>Brady</u> element of a showing by the petitioner of a "reasonable probability" of a different final result if the evidence had been made known at trial, <u>United States</u> v. <u>Bagley</u>, 473 U.S. 667, 682 (1985)(opinion of Blackmun, J.); <u>id.</u> at 685 (White, J., concurring in part and concurring in the judgment); <u>see also</u> <u>Pennsylvania</u> v. <u>Ritchie</u>, 480 U.S. 39, 57 (1987). The court doubted, that is, that the petitioner could show that the undisclosed evidence "undermines confidence in the outcome of the trial." <u>Bagley</u>, 473 U.S. at 678 (opinion of Blackmun, J.). On habeas, of course, a state defendant must demonstrate the unreasonableness of a state court's conclusion that he had not so shown. Here, on the contrary, the district court was again correct in doubting that Dominguez could carry this two-fold burden.

The evidence in question is the information that about six months before the victim's death his son had been convicted of murdering a member of a local gang. Dominguez argues that apprizing the jury of this fact would have lent plausibility to his own testimony that Sun attacked him, supposedly because Sun might have thought Dominguez was in some way associated with the earlier murder victim or somehow instrumental in his son's earlier conviction. The answer to this argument, as in the case of the <u>Crawford</u> claim, is that it is pure speculation, made up of whole

7

cloth.  Knowledge of the son's conviction does nothing to disturb confidence in the soundness of the guilty verdict.

Because these underlying issues are devoid of any apparent merit, <u>Trapp</u> supports the district court's denial of equitable tolling under the one-year limitation statute, and the petition was correctly dismissed as untimely.

The judgment of the district court is affirmed.

*It is so ordered.*