[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13442
Non-Argument Calendar
_____

Agency No. A098-876-021

ANDRES LINCALLO RIBLEZA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 14, 2015)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Andres Ribleza, a Philippine citizen, seeks review of the Board of Immigration Appeals's (BIA) final order dismissing his appeal of the Immigration Judge's (IJ) denial of his motion to reopen removal proceedings as untimely. Upon review of the parties' briefs and the record on appeal, we deny Ribleza's petition for review for the reasons set forth herein.

## I. Background

Ribleza entered the United States in December of 2003 on a nonimmigrant B-2 visa, with authorization to remain in the United States through September 20, 2004. He remained in the United States well beyond his permitted time, and on November 4, 2009, he conceded the Department of Homeland Security's (DHS) charge of removability. Throughout 2010 and 2011, Ribleza appeared at several hearings before the IJ both with and without counsel,[1] and filed an application for asylum in June of 2011. The IJ scheduled an individual hearing on the merits of Ribleza's asylum application for March 13, 2012. Ribleza received oral and written notice of the date and time of the hearing, which expressly stated that if he received notice and failed to attend the hearing an order of removal may be entered in absentia. Ribleza failed to appear at his March 13th hearing, and the IJ entered a judgment for removal in absentia.

---

[1] Ribleza's counsel for the November 2009 removability hearing, Francis Shea, was granted a motion to withdraw as counsel in May 2010. Alma Defillo submitted a notice of entry of appearance as Ribleza's counsel in May 2011, but she submitted a request to withdraw later that month. Ribleza consulted Joanne Fakhre in January 2012 but never retained her as counsel.

2

Ribleza received a copy of the March 13th removal decision, which indicated that the decision was final unless Ribleza filed a motion to reopen. On September 12, 2012, 183 days after the IJ issued the order of removal, Ribleza filed a pro se motion to reopen and rescind the IJ's order of removal. The IJ denied Ribleza's motion on January 15, 2013, finding that it was untimely. Ribleza appealed the IJ's denial of his motion to the BIA, arguing that he was unaware of the filing deadline and that the ineffective assistance of his former counsel caused his absence at the merits hearing and the untimely filing of his motion. On July 3, 2014, the BIA dismissed Ribleza's appeal, concluding that the IJ correctly determined that the motion to reopen was untimely and that Ribleza provided no justification for tolling the 180-day filing period.

On appeal to this court, Ribleza argues that he was "totally unaware" of the 180-day filing deadline for a motion to reopen in absentia removal proceedings. He contends that the BIA and IJ failed to consider the totality of the circumstances, including his claims of malpractice, negligence, and ineffective assistance against his former counsel, and the fact that his wife has also been in removal proceedings.

## II. Standard of Review

We limit our review to the BIA's decision unless the BIA adopts the IJ's decision and reasoning. *See Mu Ying Wu v. U.S. Att'y Gen.*, 745 F.3d 1140, 1153 (11th Cir. 2014). In this case, the BIA affirmed the IJ's conclusion but did not rely

3

upon the IJ's reasoning or findings.  *See id.*  Therefore, we review only the BIA's decision to determine whether the BIA abused its discretion by arbitrarily or capriciously dismissing Ribleza's appeal.  *See Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (per curiam) ("We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion." (internal quotation marks omitted)).

### III. Discussion

Under the Immigration and Nationality Act, a person who fails to appear for a removal proceeding will be ordered removed in absentia if the government establishes by clear and convincing evidence that (1) he was provided with written notice of the proceeding, and (2) he is removable.  8 U.S.C. § 1229a(b)(5)(A).

After a person subject to removal is ordered removed in absentia, 8 U.S.C. § 1229a(b)(5)(C) offers the only avenue for rescission of the order.  The person seeking rescission must (1) file a motion to reopen within 180 days after the order of removal and (2) "demonstrate[] that the failure to appear was because of exceptional circumstances."  § 1229a(b)(5)(C)(i); *see also* § 1229a(e)(1) (defining "exceptional circumstances" as "battery or extreme cruelty . . . or serious illness . . . but not including less compelling circumstances . . . beyond the control of the alien").

4

The 180-day time limit to file a motion to reopen an in absentia removal order is subject to equitable tolling. *See Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1362–65 & n.4 (11th Cir. 2013) (en banc) (per curiam). To establish circumstances warranting equitable tolling, a person subject to removal must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* at 1363 n.5 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)). The extraordinary circumstances must be "beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).

Here, the BIA did not abuse its discretion in dismissing Ribleza's motion to reopen his removal proceedings. Ribleza admits that his motion to reopen was untimely filed three days after the 180-day deadline. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). He does not contest that he had written and oral notice of the March 13, 2012 hearing and received a copy of the in absentia removal decision; nor does he contend that he was in custody at the time of the hearing. *See* § 1229a(b)(5)(C)(ii) (extending the filing deadline indefinitely if the person subject to removal did not receive notice or was in custody at the time of the hearing).

Furthermore, Ribleza has not provided any justification for tolling the 180-day filing deadline. While Ribleza implies that the totality of the circumstances,

5

including his previous counsels' negligence and his wife's concurrent removal proceedings, caused his untimely filing, he does not offer any evidence demonstrating (1) that he diligently pursued his rights during the 180-day period nor (2) how any of these circumstances precluded him from filing a timely motion. *See Avila-Santoyo*, 713 F.3d at 1363 n.5. Ribleza's total unawareness of the deadline bespeaks of neither diligence nor extraordinary circumstance beyond his control. *See Sandvik*, 177 F.3d at 1271–72.

Accordingly, the BIA did not abuse its discretion in determining that Ribleza's motion to reopen the removal proceedings was untimely and did not qualify for equitable tolling of the 180-day filing deadline. We therefore deny Ribleza's petition for review.

**PETITION DENIED.**