[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15707
Non-Argument Calendar
_____

D.C. Docket Nos. 4:16-cv-00153-WTM-GRS,
4:05-cr-00139-WTM-GRS-1

JERRY ORENTHAL GREEN,

Petitioner - Appellee,

versus

UNITED STATES OF AMERICA,

Respondent - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 21, 2018)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Jerry Orenthal Green brought a successive petition for a writ of habeas corpus under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Specifically, in his petition, Green contended that his 1994 convictions for robbery by intimidation[1] should count as only one conviction for ACCA purposes and that his 1992 conviction for possession with intent to distribute[2] does not constitute a predicate offense under the ACCA.[3] The District Court granted his petition, vacated his sentence, and ordered his release. The Government appeals the granting of that petition. It argues that the statute of limitations in § 2255 bars Green's arguments.[4] We affirm the decision of the District Court because the Government has waived the timeliness issue and does not otherwise challenge the District Court's decision.

In an appeal challenging a § 2255 ruling, we review a district court's legal conclusions *de novo* and its factual findings for clear error. *Murphy v. United States*, 634 F.3d 1303, 1306 (11th Cir. 2011). Any issues not briefed on appeal are

---

[1] *See* Ga. Code Ann. § 16-8-41.

[2] *See* S.C. Code Ann. § 44-53-370(b)(2).

[3] Green also brought claims under *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015), arguing that his previous convictions qualified as predicates only under the invalidated residual clause.

[4] The Government also contends that Green has failed to show that his ACCA sentence relied on the ACCA's residual clause. *See Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017).

considered abandoned, and we will not consider them.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014).

Under 28 U.S.C. § 2255(a), a federal prisoner may collaterally attack a sentence "imposed in violation of the Constitution or laws of the United States." Section 2255, however, contains a one-year statute of limitations that runs from the latest of four triggering events, including "the date on which the judgment of conviction becomes final."  *Id.* § 2255(f)(1).  The time limitation for filing a § 2255 motion is not jurisdictional and can be waived.  *See In re Jackson*, 826 F.3d 1343, 1348 (11th Cir. 2016); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

With respect to a report and recommendation ("R&R") issued by a magistrate judge, the rules of this Circuit provide:

> A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice.

11th Cir. R. 3-1.  Thus, under our Circuit rules, both parties must object to a magistrate judge's legal conclusions to preserve their right to appeal them.

3

Green's challenges to his 1992 and 1994 convictions are not time barred. The Government raised timeliness as a defense to Green's § 2255 motion. But the Government did not object to the Magistrate Judge's failure to address timeliness in his R&R,[5] even though the Magistrate Judge informed the parties as to the time period for objecting and the consequences on appeal for failing to object. As a result, the District Court did not have an opportunity to address the timeliness of Green's challenges,[6] and the Government waived its right to appeal that issue.[7]

On appeal, the Government makes no challenge to the District Court's ruling that Green's 1992 conviction does not qualify as an ACCA predicate. It has waived that argument as well. *Sapuppo*, 739 F.3d at 680–81. The decision of the District Court therefore stands. Green could not have qualified for an ACCA enhancement since he lacked the three necessary predicate offenses.

**AFFIRMED.**

---

[5] The Magistrate Judge issued an R&R but then issued a revised R&R after Green objected to the first one.

[6] The District Court adopted the revised R&R in part and remanded the case to the Magistrate Judge to consider whether Green's convictions for robbery by intimidation were separate crimes for ACCA purposes. *See United States v. Longoria*, 874 F.3d 1278, 1282 (11th Cir. 2017). Before the Magistrate Judge addressed this issue, the Government conceded to the District Court that Green's 1994 convictions for robbery by intimidation should count as one conviction for ACCA purposes. The District Court therefore vacated Green's sentence and sentenced him to time served because he lacked the necessary predicate offenses for an ACCA enhancement.

[7] We could still examine the timeliness issue for clear error if the "interests of justice" required it. 11th Cir. R. 3-1. But the Government did not argue in its brief that the interests of justice warrant examining the timeliness issue. This argument is waived. *Sapuppo*, 739 F.3d at 680–81.